**INCONTACT, INC., Petitioner**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.**

No. 12–1133.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 16, 2013.

Jacqueline Rae Hankins, Jonathan Soukias Marashlian, Senior, Marashlian & Donahue, LLC, McLean, VA, for Petitioner.

Pamela Louise Smith, Peter Karanjia, Jacob M. Lewis, Associate General Counsel, Richard Kiser Welch, Deputy Associate General Counsel, Federal Communications Commission, Office of General Counsel, Nickolai Gilford Levin, Robert B. Nicholson, U.S. Department of Justice Office, Washington, DC, for Respondents.

Before: GARLAND and GRIFFITH, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

### JUDGMENT

This petition for review was considered on the record and on the briefs and arguments of the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the petition for review be denied.

The Federal Communications Commission issued an order dismissing in part and denying in part inContact's application for review of a Wireline Competition Bureau order. Universal Service Contribution Methodology, 27 F.C.C.R. 632 (2012) (*"FCC Order"*). The Bureau's order denied inContact's request for review of an invoice it received from the Universal Service Administrative Company or "USAC." Universal Service Contribution Methodology, 25 F.C.C.R. 4739 (2010). The Bureau ruled that the USAC invoice was an "Administrator decision" within the meaning of 47 C.F.R. § 54.720, that § 54.720 requires such requests to be filed within 60 days of the decision, and that inContact filed its request after the 60–day period had expired. *Id.* at 4739. The Commission agreed, stating that "[f]or purposes of 47 C.F.R. § 54.720, USAC's invoice is a decision by the Administrator. See *Federal–State Joint Board on Universal Service, Request for Review by Big River Telephone Company, LLC,* Order, 22 FCC Rcd. 4974, 4976, at n. 17 (Wireline Comp. Bur.2007)." *FCC Order,* 27 F.C.C.R. at 632 n. 3. We see no basis for upsetting the Commission's interpretation of its rule. *Desert Citizens Against Pollution v. EPA,* 699 F.3d 524, 529 (D.C.Cir.2012) ("We must give 'controlling weight' to the agency's interpretation 'unless it is plainly erroneous or inconsistent with the regulation.'" (quoting *Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994))). When an aggrieved party appeals an invoice directly to the FCC, as occurred here, there is not necessarily anything other than the invoice itself that the agency is being asked to review.

inContact did not argue before the Commission that its due process rights were violated because it had no notice that an invoice would be treated as an Administrator decision under 47 C.F.R. § 54.720. In-

stead, inContact's cursory due process argument in its application for review merely stated that it was denied the opportunity to challenge the accuracy of the charges because of the Bureau's determination. These are very different arguments. Because inContact did not raise the issue of notice before the Commission, we may not consider it. *See* 47 U.S.C. § 405; *see also AT & T Corp. v. FCC,* 86 F.3d 242, 246 (D.C.Cir.1996).

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41(a)(1).